UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGA INVESTMENT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>REUBEN BERONILLA, MARIA V. BERONILLA, and DOES 1-5, inclusive,<br><br>    Defendants. | Case No.  5:14-cv-01842 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**ORDER FINDING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

On April 22, 2014, defendants Reuben and Maria Beronilla purported to remove this unlawful detainer action from the Santa Clara County Superior Court. They also seek leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned deems the IFP application moot and recommends that this matter be remanded.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Here, only Reuben Beronilla filed a financial affidavit, which this court finds ambiguous.  In it, he indicates that he currently is employed, but fails to provide his gross and net salary information.  (Dkt. 2 at 1).  He goes on, however, to suggest that the date of his last employment was October 13, 2013.  (Id. at 2).  Additionally, although Beronilla's application indicates that the instant action does not raise claims that have been presented in other lawsuits, the court's records reflect that this is the second time the Beronillas have removed the same unlawful detainer action here.[1]  Under different circumstances, this court might require Reuben Beronilla to re-submit a complete application and to require Maria Beronilla to file a separate financial affidavit.  Here, however, defendants' IFP application is deemed moot because, for the reasons discussed below, this court concludes that there is no federal subject matter jurisdiction anyway.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

Defendants fail to show that removal is proper based on any federal law.  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  Vaden v. Discovery Bank,

---

[1] See Case No. 5:14-cv-01357 PSG, *NGA Investment, LLC v. Beronilla*.  The Beronillas filed the instant action while plaintiff's motion for remand was pending in the earlier-filed case.  The earlier-removed action has since been remanded to state court.  (See Case No. 5:14-cv-01357, Dkt. 11 Order Remanding Case).

2

129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  Id.  Here, plaintiff's complaint presents a claim arising only under state law.  It does not allege any federal claims whatsoever.  Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Nor does this court find any basis for diversity jurisdiction.  Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states.  28 U.S.C. §1332.  The complaint indicates that the amount demanded does not exceed $10,000.  And, the record presented indicates that defendants are California citizens.  (See Dkt. 1-1, Section III).  An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

There being no basis for federal jurisdiction over plaintiff's unlawful detainer action, the removal of this case was improper.  Moreover, as noted above, this is defendants' second attempt to remove the same action here.  Defendants are advised that future attempts to remove this matter may result in sanctions.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court.  Any party may serve and file objections to this Report and Recommendation within fourteen days after being served.  Fed. R. Civ. P. 72.

**SO ORDERED**.

Dated:   April 24, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-01842-HRL Notice has been electronically mailed to:

Daniel Thomas Paris     parislaw1@msn.com

5:14-cv-01842-HRL Notice sent by U.S. Mail to:

Reuben Beronilla
2904 Winwood Way
San Jose, CA 95148

Maria Beronilla
2904 Winwood Way
San Jose, CA 95148

4